THOMAS H. L. BARFELL,
    Plaintiff,

v.                                          Case No. 20-C-1801

ARAMARK,
JOHN DOE, Staff employed at the Brown County Jail by Aramark,
CO BOWDEN,
CO SCHUTZ,
CPL VOSTER, and
CPL DIMMER,
    Defendants.

## ORDER

Thomas Barfell, who is confined at the Columbia Correctional Institution, filed a *pro se* amended complaint under 42 U.S.C. § 1983 alleging that the defendants violated his First Amendment right to freely practice his religion when he was confined at the Brown County Jail. The amended complaint, ECF No. 54, is the operative complaint. The plaintiff has filed several motions, which I address below.[1]

**A. Motion to Compel, ECF No. 113**

On November 22, 2021, the plaintiff filed a motion to compel. He states that counsel for defendant Aramark sent him a letter stating that she was unwilling to send him discovery information such as jail grievances because Aramark does not have possession of the documents. The plaintiff states that Aramark should be able to obtain the requested documents through an open records request and that the Brown County

---

[1] This order does not address the motion to compel the plaintiff filed on December 20, 2021 (ECF No. 129) because the defendants have not yet responded to the motion.

Jail will not provide him with the information. He also states that he requested names of Aramark employees who work at the Brown County Jail, but that Aramark denied the request as overly broad. The plaintiff asserts that Aramark is trying to make it complicated for him to obtain discovery and he requests a court order that Aramark cooperate with discovery.

In response to the plaintiff's motion, Aramark first contends that the plaintiff has failed to comply with Civil Local Rule 37 by conferring with the defendant before filing his motion to compel. ECF No. 114. Aramark also contends that the plaintiff's motion to compel lacks merit because, with regard to jail grievances the plaintiff requested, Aramark does not have them. In a letter that Aramark sent the plaintiff (ECF No. 113-1), it advises the plaintiff that his request for jail grievance records should be directed to the Brown County defendants.[2] Next, Aramark contends that the plaintiff's complaint about Aramark's failure to provide him with the names of its employees fails because the plaintiff never properly served Aramark with this discovery request and because, despite this, in a show of good faith Aramark explained to the plaintiff in detail why his request – even if properly served – would be objectionable. The names of Aramark employees are not a "record" and the plaintiff's request referenced in his letter was overly broad based on the allegations in the amended complaint.

As an initial matter, the plaintiff is again advised that the way to obtain information from the defendants is to serve them with discovery requests. Rules 26 through 37 of the

---

[2] It appears that the Brown County defendants (CO Bowden, CO Schutz, Cpl Voster, Cpl Dimmer) are represented by a different lawyer at the same law firm that is representing Aramark.

2

Federal Rules of Civil Procedure describe the different ways a party can seek discovery. For example, the plaintiff can ask the defendants to answer certain questions (called "interrogatories"). The plaintiff can ask the defendants to provide him with certain documents ("requests for production of documents"). The plaintiff should send his discovery requests to the appropriate defendant's attorney.

The court becomes involved in the discovery process only if the opposing party fails to respond to interrogatories or requests for production of documents. If that happens, the party who asked for the discovery may file a motion with the court, asking it to compel the other side to respond, but a party can file a motion to compel only after conferring or trying to confer with the party failing to make disclosure or discovery. A person cannot file a motion to compel unless that person first tries to work things out with the other side, and any motion to compel should describe these efforts. *See* Fed. R. Civ. P 37(a); Civil L.R. 37 (E.D. Wis.).

The plaintiff's motion to compel is premature because he has not followed the procedure described above. Moreover, with respect to the jail grievances the plaintiff seeks, I will not order Aramark to produce documents it does not have. In addition, I agree with Aramark that the plaintiff's request regarding the names of all Aramark employees at the Brown County Jail is overly broad. For all of these reasons, I will deny the plaintiff's motion to compel.

**B. Motion for Order and Sanctions, ECF No. 117**

On November 29, 2021, the plaintiff filed a motion for order and sanctions. At the top of this motion, the plaintiff listed the case number for this case and for two other cases he is litigating before me (21-cv-426 and 21-cv-725). He states that on November 14,

2021, he submitted documents (including HSU forms, requests, complaints, complaint appeals, and motions) to the library for e-filing for these three matters and as of November 22, 2021, the documents have not been returned to him. The plaintiff states that he followed up with the library and that the next day he received a response stating that the documents had already been e-filed. The plaintiff states that these documents are missing, and he does not have copies. He asks that the court impose sanctions on the defendants.

In this case, the plaintiff is suing defendants who work at the Brown County Jail. I cannot order sanctions against the library staff at Columbia Correctional Institution. I will deny the plaintiff's motion for order and sanctions. It is not clear if the plaintiff believes he is missing documents from this case. If he does, he may notify the court and the defendants what documents he believes he is missing. The plaintiff must limit his filing to this case only. He should not submit documents to the court to be filed in multiple of his cases.

**C. Plaintiff's Motion for Order to Allow Access to Law Library, ECF No. 118**

The plaintiff has filed a motion for order to allow access to law library. Again, he included the case number for this case and for two of his other cases (21-cv-426 and 21-cv-725) at the top of the motion. The plaintiff states that he has been trying to use the law library since October 24, but that staff have not let him. Due to deadlines in his three cases, the plaintiff requests that I order his institution to allow him to use the law library.

In this case, the current case deadlines are: the plaintiff shall identify the name of the Doe defendant (or explain why is unable to do so) by **December 10, 2021**, or the Doe defendant may be dismissed; the deadline for the completion of discovery is **March 11,**

4

**2022**; the deadline for the defendants to file a motion for summary judgment on the ground that plaintiff failed to exhaust administrative remedies is **January 7, 2022**; and the deadline for the parties to file motions for summary judgment on the merits is **April 11, 2022**.

If the plaintiff needs an extension of time to these deadlines, he may file a motion for extension of time *in this case*. However, I will not order the institution to give him more library time. The plaintiff is reminded that he should not submit any more filings to be applied in multiple of his cases. He must limit any case filing to be applied to one case only.

**D. Plaintiff's Motion to Appoint Counsel, ECF No. 121**

The plaintiff has filed his third motion to appoint counsel. He states he has never made it past summary judgment, though he has had very strong cases in the past. The plaintiff also states that the law library process is complicated due to Covid and he is unable to gather the necessary case law to effectively represent himself. In addition, he states that he is indigent and lacks funding to complete discovery.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical

6

limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett*, 930 F.3d at 871.

The plaintiff has satisfied the first prong of the recruitment of counsel standard in that he has made a reasonable attempt to find a lawyer on his own. However, his case filings show that he is capable of proceeding on his own through the summary judgment stage. The plaintiff filed a detailed complaint, and he has file multiple motions regarding discovery and other issues. While the plaintiff is not currently confined at the Brown County Jail, where his claim arose, he can participate in written discovery and motion practice with the defendants from his current Wisconsin Department of Corrections institution. The plaintiff's filings demonstrate that he understands his claim and that he can advocate for himself. If the plaintiff needs more time to complete discovery or engage in pretrial motion practice, he may simply file a motion for more time. Based on the foregoing, I will deny without prejudice the plaintiff's motion to appoint counsel.

Lastly, the plaintiff states that he would like to correct Aramark's name to Aramark Correctional Services. I will grant this request and direct the Clerk's Office to update the docket.

**E. Plaintiff's Motion for Order Regarding Filing Fee and for Telephone Conference, ECF No. 126**

The plaintiff has filed a motion seeking clarification as to the filing fee he owes in this case. The plaintiff is advised that the cost of filing a civil action in federal court is $402.00, which includes the $350.00 statutory filing fee and a $52.00 administrative fee.

The $52.00 administrative fee does not apply to persons granted *in forma pauperis* status. The Prison Litigation Reform Act (PLRA) requires prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) to pay the $350.00 statutory filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff paid an initial partial filing fee of $1.14. On March 23, 2021, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and ordered the agency having custody of the plaintiff to collect from the plaintiff's prison trust account the $348.86 balance of the filing fee.

**F. Conclusion**

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion to compel (ECF No. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for sanctions (ECF No. 117) and motion for order (ECF No. 117) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to allow access to law library (ECF No. 118) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 121) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to modify defendant's name from Aramark to Aramark Correctional Services (ECF No. 121) is **GRANTED**. The Clerk's Office shall edit the case docket accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order regarding filing fee (ECF No. 126) is **GRANTED** as described herein.

**IT IS FURTHER ORDERED** that the plaintiff's request for telephone conference (ECF NO. 126) is **GRANTED**. A telephone conference has been scheduled by separate order.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2021.

<pre>
                                    s/Lynn Adelman_____
                                    LYNN ADELMAN
                                    United States District Judge
</pre>